PARKER, Judge.
The Tampa-Hillsborough County Expressway Authority, for the use and benefit of the State of Florida, Department of Transportation (the Expressway Authority), appeals the final judgment in an eminent domain proceeding, specifically challenging the award of damages for the temporary taking of two parcels of land. We reverse the award for the temporary taking because the Harrells failed to prove that the filing of the map of reservation denied them substantially all economically beneficial or productive use of their land.
The Expressway Authority filed an amended petition in eminent domain for the taking of one parcel which Cecil and Kathleen Harrell owned and one parcel which Leon Edward and Charleen Yvonne Harrell owned. The court filed a stipulated order of taking. Each parcel owner filed counterclaims, alleging that they were due compensation because the Expressway Authority had filed at one time a map of reservation on their properties. The parcel owners also filed motions for partial summary judgment on their counterclaims. Kathleen Harrell filed an affidavit which stated that her residence was on the property, that the recording of the map of reservation prevented her from developing any additional dwelling units on the property, that it prevented her from selling her property assuming that she desired or was forced to do so, and that it prevented her from refinancing her mortgage loan assuming that she desired or was forced to do so. Leon Harrell filed an affidavit which stated that his residence was on the property, that the map of reservation prevented him from developing any additional units on the property, and that it prevented him from selling the property assuming that he desired or was forced to do so. The trial judge entered an order granting partial summary judgment for the temporary taking of the properties.
The matter proceeded to trial. Both parcel owners testified that there were no plans to sell the properties, that they intended to keep living there, and that they might sometime in the future modify the properties to accommodate other members of their families. The jury awarded the Harrells compensation for the value of their land and improvements and an additional $6000 for each parcel for the value of the temporary taking due to the filing of the map of reservation. The trial court thereafter entered final judgments.
The supreme court has held that the recording of a map of reservation, pursuant to section 337.241, Florida Statutes (1987), does not amount to a per se taking of property from a landowner without just compensation and that a landowner must prove that the recording of the map of reservation denied the landowner of all economically beneficial or productive use of the land. Tampa-Hillsborough County Expressway Authority v. A.G.W.S. Corp., 640 So.2d 54 (Fla.1994). The affidavits and trial testimony showed that the Harrells were not denied all economically beneficial or productive use of their land during the time that the map of reservation had been recorded against their properties. Thus, there has been no compensable *1028 taking. We, therefore, reverse the judgments in part and remand with directions to the trial court to reduce the judgments by the amounts awarded, including the prejudgment interest, for the temporary taking.
Reversed and remanded.
FRANK, C.J., and LAZZARA, J., concur.